## Kearson v. Love

*Peter T. O'Malley*, for plaintiff.

*Warren, Hill, Henkelman & McMenamin*, for de-
fendant.

ROBINSON, J., October 19, 1966.—The above actions
were started by the issuance of summons. Defendants
were not served personally. Service in each case was
made by the sheriff by handing to and leaving with
the innkeeper of the Holiday Inn, Scranton, Pa., a true
and attested copy of the summons and making known
to him the contents thereof. The parties stipulated
that at the time of the service, both of the named de-
fendants were guests at said Holiday Inn for only one
night's lodging.

Service of process is authorized by Pennsylvania
Rule of Civil Procedure 1009 (b) (2) (ii), where the

residence of defendant is in a hotel, inn, apartment or boarding house, by leaving the process with the hotel-keeper in charge.

The service in this instance is bad. The provision of the procedural rules in question applies only where defendant is in "residence" at the inn or hotel. " 'Residence,' in its popular as well as its dictionary sense, means a place of abode; it is where one lives, either alone, or with one's family. . . .": Gerstell v. Knight, 345 Pa. 83. It never denotes the place where one happens to be at the moment. The transient wayfarer for an overnight lodging is not in residence at the hotel or inn where he procures shelter. No jurisdiction of the person was acquired by the service in this case.

Now, October 19, 1966, the preliminary objections are sustained and service of the summons in the above cases is set aside.